**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 31:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope. Responding Party further objects to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all general ledgers, audited or unaudited financial statements, accountings, balance sheets, and profit and loss statements for Reno South Meadows, LLC for the period commencing January 1, 2001 and ending December 31, 2001.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 32:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope. Responding Party further objects to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to

this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 33:**

Any and all check registers, bank statements, deposits slips, cancelled checks, for any and all bank accounts held in the name of South Meadows Apartments, LLC held at any financial institution for the period commencing January 1 2001 and ending December 31, 2001.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 33:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope. Responding Party further objects to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been

produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 34:**

Any and all general ledgers, audited or unaudited financial statements, accountings, balance sheets, and profit and loss statements for South Meadows Apartments, LLC for the period commencing January 1, 2001 and ending December 31, 2001.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 34:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope. Responding Party further objects to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 35:**

Any and all check registers, bank statements, deposits slips, cancelled checks, for any and all bank accounts held in the name of Eagle Ranch, LLC held at any financial institution for the period commencing January 1, 1997 through the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 35:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope. Responding Party further objects to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 36:**

Any and all general ledgers, audited or unaudited financial statements, accountings, balance sheets, and profit and loss statements for Eagle Ranch, LLC for the period commencing January 1, 1997 through the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 36:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope. Responding Party further objects to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all Documents evidencing, referring to or relating to investments made by the HCET in Reno South Meadows, LLC, either directly or indirectly, for the period commencing January 1, 1997 through the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 37:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request on the grounds that it seeks private,

privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects to this Request to the extent that the information sought is a matter of public record, or is otherwise equally available to Defendants.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 38:**

Any and all Documents evidencing, referring to or relating to investments made by the HCET in South Meadows Apartments, LLC, either directly or indirectly, for the period commencing January 1, 1997 through the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 38:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects to this Request to the extent that the information sought is a matter of public record, or is otherwise equally available to Defendants.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been

produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 39:**

Any and all Documents evidencing, referring to or relating to investments made by the HCET in Eagle Ranch, LLC, either directly or indirectly, for the period commencing January 1 1997 through the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 39:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects to this Request to the extent that the information sought is a matter of public record, or is otherwise equally available to Defendants.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 40:**

Any and all Documents evidencing, referring to or relating to investments made by the HCET in MET Partners, either directly or indirectly, for the period commencing January 1, 1997 through the present, as referenced in Paragraph 48 of the COMPLAINT.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 40:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects to this Request to the extent that the information sought is a matter of public record, or is otherwise equally available to Defendants.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 41:**

Any and all Documents evidencing, referring to or relating to investments made by the HCET in Tanamera Management, LLC, either directly or indirectly, for the period commencing January 1, 1997 through the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 41:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects to this Request to the extent that the information sought is a matter of public record, or is otherwise equally available to Defendants.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 42:**

Any and all Documents evidencing, referring to or relating to investments made by the HCET in Tanamera Holding Company, Inc. for the period commencing January 1, 1997 through the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 42:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request on the grounds that it seeks private,

privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects to this Request to the extent that the information sought is a matter of public record, or is otherwise equally available to Defendants.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 43:**

Any and all Documents evidencing, referring to or relating to investments made by the HCET in HBM Holdings, LLC for the period commencing January 1, 1997 through the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 43:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects to this Request to the extent that the information sought is a matter of public record, or is otherwise equally available to Defendants.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been

produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 44:**

Any and all bank statements, general ledgers, spreadsheets, checks, deposit slips, tax returns or other financial information relating to the HCET for the period commencing January 1, 1997 through December 31, 2006.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 44:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects to this Request to the extent that the information sought is a matter of public record, or is otherwise equally available to Defendants.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 45:**

Any and all Documents evidencing, referring to or relating to distributions, transfers, return of capital, or other payments from South Meadows Apartments, LLC to Reno South

Meadows, LLC, for the period commencing January 1, 1997, to the present, including but not limited to general ledgers, bank statements, spreadsheets, balance sheets, profit and loss statements, checks and deposit slips.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 45:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 46:**

Any and all documents evidencing, referring to or relating to distributions, transfers, return of capital, or other payments from South Meadows Apartments, LLC to the HCET for the period commencing January 1, 1997 to the present, including but not limited to general ledgers,

bank statements, spreadsheets, balance sheets, profit and loss statements, checks and deposit slips.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 46:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 47:**

Any and all documents evidencing, referring to or relating to distributions, dividends, transfers or other payments from USA Commercial Mortgage Company, Inc. to Reno South Meadows, LLC, for the period commencing January 1, 1997 and ending May 1, 2006, including but not limited to general ledgers, bank statements, spreadsheets, balance sheets, profit and loss statements, checks and deposit slips.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 47:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 48:**

Any and all documents evidencing, referring to or relating to distributions, dividends, transfers or other payments from USA Commercial Mortgage Company, Inc. to the HCET for the period commencing January 1, 1997 and ending May 1, 2006, including but not limited to general ledgers, bank statements, spreadsheets, balance sheets, profit and loss statements, checks and deposit slips.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 48:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 49:**

Any and all documents evidencing, referring to or relating to distributions, transfers, return of capital, or other payments from HBM Holdings, LLC to the HCET for the period commencing January 1, 1997 to the present, including but not limited to general ledgers, bank statements, spreadsheets, balance sheets, profit and loss statements, checks and deposit slips.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 49:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product

doctrine. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 50:**

Any and all documents evidencing, referring to or relating to distributions, transfers, return of capital, or other payments from Tanamera Holding Company, Inc. to the HCET for the period commencing January 1, 1997 to the present, including but not limited to general ledgers, bank statements, spreadsheets, balance sheets, profit and loss statements, checks and deposit slips.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 50:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 51:**

Any and all documents evidencing, referring to or relating to distributions, dividends, transfers or other payments from USA Commercial Mortgage Company, Inc. to the HCET for the period commencing January 1, 1997, and ending May 1, 2006, including but not limited to general ledgers, bank statements, spreadsheets, balance sheets, profit and loss statements, checks and deposit slips.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 51:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been

produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 52:**

Any and all documents evidencing, referring to or relating to distributions, dividends, transfers or other payments from Eagle Ranch, LLC to the HCET for the period commencing January 1, 2001, through the present, including but not limited to general ledgers, bank statements, spreadsheets, balance sheets, profit and loss statements, checks and deposit slips.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 52:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 53:**

Any and all documents evidencing, referring to or relating to distributions, dividends, transfers or other payments from MET Partners to the HCET for the period commencing January 1, 2001, through the present, including but not limited to general ledgers, bank statements, spreadsheets, balance sheets, profit and loss statements, checks and deposit slips.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 53:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 54:**

Any and all Documents relating to monies received by the HCET from Reno South Meadows, LLC, for the period commencing January 1, 1997 through the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 54:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 55:**

Any and all Documents relating to monies received by the HCET from South Meadows Apartments, LLC, for the period commencing January 1, 1997 through the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 55:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 56:**

Any and all Documents relating to monies received by the HCET from HBM Holdings, LLC for the period commencing January 1, 1997 through the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 56:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate.

Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 57:**

Any and all Documents relating to monies received by the HCET from Tanamera Holding Company, Inc. for the period commencing January 1, 1997 through the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 57:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 58:**

Any and all Documents relating to monies received by the HCET from Tanamera Management, LLC, for the period commencing January 1, 1997 through the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 58:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 59:**

Any and all Documents relating to monies received by the HCET from Eagle Ranch, LLC, for the period commencing January 1, 1997 through the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 59:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 60:**

Any and all Documents relating to monies received by the HCET from MET Partners for the period commencing January 1, 1997 through the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 60:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been

produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 61:**

Any and all Documents relating to monies received by the HCET from USA Commercial Mortgage Company, Inc. for the period commencing January 1, 1997 through the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 61:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request on the grounds that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 62:**

Any and all Form Schedule K-1, Form, W-2, Form 1099 or other tax form issued to the HCET from any entity, including but not limited to South Meadows Apartments, LLC, Reno South Meadows, LLC, USA Commercial Mortgage Company, Inc., HBM Holdings, LLC, Tanamera Holdings Company, Inc., Tanamera Management, LLC, or Eagle Ranch, LLC, for the period commencing January 1, 1997 through the present.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 62:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects to this Request on the grounds that the information sought is a matter of public record, or is otherwise equally available to Defendants.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 63:**

Any and all bank statements, checks, deposit slips evidencing, referring to or relating to any personal bank account titled in the name(s) of Thomas A. Hantges, Jamie Wise Hantges Jamie Linn Wise, Jamie Wise Hantges, and/or any trust created by them, including all accounts at Wells Fargo Bank, branch located at Main and Oakey and branch located Tropicana and

Eastern, or any other branch or financial institution, for the period commencing January 1, 2001 through December 31, 2001.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 63:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Responding Party further objects to this Request on the grounds that the information sought is a matter of public record, or is otherwise equally available to Defendants.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 64:**

A copy of all any and documents removed from the offices located at 4525 S. Sandhill Road, Las Vegas, Nevada 89121, including but not limited to those documents contained in Vicki Loob's office at such address, that evidence, refer to, relate to or concern the HCET and that were otherwise seized by Lisa Poulin, Responding Party for USA Investment Partners, LLC.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 64:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. Responding Party further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties. Responding Party further objects to this Request on the grounds that the information sought is a matter of public record, or is otherwise equally available to Defendants.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 65:**

Any and all documents evidencing, referring to or relating to management fees, commissions, or other professional fees paid to Thomas A. Hantges or his affiliated entities,

including but not limited to USA Investment Partners, LLC, USA Commercial Mortgage, Tanamera Management, LLC, etc., from Reno South Meadows, LLC for the period commencing January 1, 1997 through the present, as set forth in Paragraphs 6, 51, 54 and 56 of the COMPLAINT.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 65:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 66:**

Any and all documents evidencing, referring to or relating to management fees, commissions, profits, professional fees or other payments made aid [sic] to Thomas A. Hantges or his affiliated entities, including but not limited to USA Investment Partners, LLC, USA Commercial Mortgage, Tanamera Management, LLC, etc., from South Meadows Apartments,

LLC for the period commencing January 1, 1997 through the present, as set forth in Paragraphs 6, 51, 54 and 56 of the COMPLAINT.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 66:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 67:**

Any and all documents evidencing, referring to or relating to management fees, commissions, profits, professional fees or other payments made aid to Thomas A. Hantges or his affiliated entities, including but not limited to USA Investment Partners, LLC, USA Commercial Mortgage, Tanamera Management, LLC, etc., from Tanamera Holding Company, Inc. for the period commencing January 1, 1997 through the present, as set forth in Paragraphs 6, 49, 51, 54 and 56 of the COMPLAINT.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 67:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 68:**

Any and all documents evidencing, referring to or relating to management fees, commissions, profits, professional fees or other payments made aid to Thomas A. Hantges or his affiliated entities, including but not limited to USA Investment Partners, LLC, USA Commercial Mortgage, etc., from Tanamera Management, LLC fox the period commencing January 1, 1997 through the present, as set forth in Paragraphs 6, 49, 51, 54 and 56 of the COMPLAINT.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 68:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly

broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 69:**

Any and all documents evidencing, referring to or relating to management fees, commissions, profits, professional fees or other payments made aid to Thomas A. Hantges or his affiliated entities, including but not limited to USA Investment Partners, LLC, USA Commercial Mortgage, Tanamera Management, LLC, etc., from Eagle Ranch, LLC for the period commencing January 1, 1997 through the present, as set forth in Paragraphs 6, 49, 54 and 56 of the COMPLAINT.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 69:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request to the extent that it seeks private,

privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 70:**

Any and all documents evidencing, referring to or relating to management fees, commissions, or other professional fees paid to Thomas A. Hantges or his affiliated entities, including but not limited to USA haves Partners, LLC, USA Commercial Mortgage, Tanamera Management, LLC, etc., from HBM Holding Company, Inc. for the period commencing January 1, 1997 through the present, as set forth in Paragraphs 6, 49, 51, 54 and 56 of the COMPLAINT.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 70:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 71:**

Any and all documents evidencing, referring to or relating to management fees, commissions, or other professional fees paid to Thomas A. Hantges or his affiliated entities, including but not limited to USA Investment Partners, LLC, USA Commercial Mortgage, Tanamera Management, LLC, etc., from any other entity in which the HCET either directly or indirectly held an ownership interest, other than those entities identified herein, for the period commencing January 1, 1997, through the present, as set forth in Paragraphs 6, 49, 51, 54 and 56 of the COMPLAINT.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 71:**

Responding Party objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it is overly broad as to scope and time. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive

documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate. Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

**REQUEST FOR PRODUCTION NO. 72:**

Any and all documents or other tangible evidence not otherwise Requested herein that refers to, relates to, or concerns the HCET.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 72:**

Responding Party further objects to this Request on the grounds that it is overly broad as to time and scope and time. Responding Party further objects to this Request on the grounds that it is unduly burdensome and oppressive. Responding Party further objects to this Request on the grounds that it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. Responding Party further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. Responding Party further objects that the Request seeks documents equally available to Propounding Parties. Responding Party further objects to this Request on the grounds that the information sought is a matter of public record, or is otherwise equally available to Defendants.

Subject to and without waiving these and any other objections, and to the extent he understands this Request, Responding Party will produce all non-privileged responsive documents, if any, which are in his possession, custody, or control and have not already been produced. Discovery has only recently commenced. Responding Party intends on conducting further investigation into this matter, and will supplement his response as appropriate.

Responding Party reserves the right to amend or supplement these responses in the event any information previously available is unintentionally omitted herein or new information is obtained.

Date: July 1, 2008

Respectfully Submitted,

Jeffrey M. Goldman
Steptoe & Johnson LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067
*Attorneys for Michael W. Carmel, Chapter 11 Trustee for the Estate of Thomas A. Hantges*

# EXHIBIT "B"

**EXHIBIT "B"**

DECLARATION OF THOMAS HANTGES

Thomas Hantges, under penalty of perjury, avers:

1. I am the debtor in Case No. 07-13163-LBR on file in this Court, and a defendant in Adversary Proceeding No. 08-01002 filed under that case. I have personal knowledge of the facts alleged herein and am competent to testify to them.

2. My former wife and I formed the Hantges Children's Education Trust ("HCET") in 1986, and settled funds upon it twice, in 1988 and 1990. We filed gift tax returns with the IRS for both of those conveyances.

3. Paragraph 9 of the complaint in the aforesaid adversary proceeding identifies 8 specific transfers from the HCET to me, and alleges that those transfers were unjustified under the purposes of the HCET.

4. Each of the transfers was justified under the terms of the HCET. Specifically, I set out below each of the questioned transfers, in the same order and with the same lower case letter as used in paragraph 9 of the complaint, and state the reason that the transfer was appropriate. Note that two transfers are mentioned in item (g), below, so eight transfers are described in those seven items.

Preliminarily, I set out the language of the trust indenture for the HCET that describes its purpose, and attach a copy of that indenture hereto as **Exhibit "B-1."** Article "Second: Dispositive Provisions," contains the following: "Trust principal may also be used for the education or any other direct benefit of any of the lawful children of THOMAS A. HANTGES in the trustee's absolute discretion."

| Alleged Wrongful Transfer | Proper Purpose |
|---|---|
| (a) 1-4-07 check to Jamie Linn Wise, fka Jamie Hantges, for $6,050 | Transport Robert to Aspiro ($2,050) and reimbursement of $4,000 Robert took down on his mother's credit card without permission |
| (b) 9-11-06 check for $789.29 to me | Reimbursement for repair to Robert's car |
| (c) 9-7-06 check for $1,701.64 to Shell Oil | Reimbursement for children's Shell credit cards (each had one, I paid them) |
| (d) 6-20-06 check for $27,497.73 to me | Reimbursement for Brendan's treatment |
| (e) 1-15-07 check for $5,422.73 to me | Reimbursement Brendan's doctor and purchase of his computer |
| (f) 10-7-0-4 check $1,059.22 to Rodney Balinski | For resurfacing children's pool table |
| (g) 4-20-01 and 5-25-01 checks, each for $20,000, to Jamie Hantges | Reimbursement for Andrew's college at UNR (5 years), including rent and utilities, and a new Ford Explorer |

Attached hereto as **Exhibit "B-2** is an invoice from USA Guides for Robert's transportation to Aspiro and a copy of the bill for the treatment, which has yet to be reimbursed.

Attached hereto as **Exhibit "B-3"** is the invoice for item (b), above. The vehicle was Robert's Saab, and page 2 shows that I paid for it with my credit card.

Attached hereto as **Exhibit "B-4"** is an invoice from LVRC Holdings (Las Vegas Recovery Center) showing I paid $27,497.50 for Brendan's treatment at that facility. I cannot explain why plaintiff listed that as $27,497.73. This pertains to item (c), above.

(Remainder of page blank)

5. Lucius Blanchard was not involved in my decisions about investing or loaning money belonging to USA Commercial Mortgage Company or to anyone else, other than money belonging to the HCET or to the Blanchard's Children's Trust. Blanchard knew almost nothing about the internal affairs of any of my companies. He was not involved in my decisions to loan USA Commercial Mortgage Company's money to South Meadows Apartments or to Eagle Ranch.

FURTHER YOUR DECLARANT SAYETH NAUGHT.

Thomas A. Hantges

# EXHIBIT "B-1"

# THE HANTGES CHILDREN'S EDUCATION TRUST

[IRREVOCABLE TRUST]

THIS TRUST AGREEMENT is made this 1st day of December, 1986, by THOMAS A. HANTGES and JAMIE LINN HANTGES of Las Vegas, Nevada, (hereinafter referred to as the "Grantors") and HELEN MILLER, of Las Vegas, Nevada (hereinafter referred to as the "Trustee").

The Grantors hereby declare that they have irrevocably delivered to the Trustee all of the property listed on Schedule A (which schedule is attached hereto and incorporated herein by reference), to have and to hold the same in trust, and to manage, invest and reinvest the same and any additions that may from time to time be made thereto, subject to the hereinafter provided trust and the terms and conditions, powers and agreements, relating thereto.

<u>FIRST</u>: <u>NAME OF TRUST</u>. The trust created herein shall be known and identified as "THE HANTGES CHILDREN'S EDUCATION TRUST".

<u>SECOND</u>: <u>DISPOSITIVE PROVISIONS</u>. The Trustee shall hold, manage, invest, and reinvest the trust property, shall collect the income therefrom, and shall dispose of the net income and principal as follows:

The Trustee shall accumulate the income, but may pay so much thereof to any one or all of the lawful children of THOMAS

A. HANTGES for their educational needs at such time or times and in such amount or amounts as the Trustee shall determine in his sole discretion. Trust principal may also be used for the education or any other direct benefit of any of the lawful children of THOMAS A. HANTGES in the trustee's absolute discretion.

The term "educational needs" includes, but is not limited to: elementary and high school education, trade schools, universities, graduate schools, and medical or law schools. However, notwithstanding anything to the contrary herein provided, during the lifetime of the Grantors, the Trustee shall make no distributions to or for the benefit of a minor income beneficiary that would satisfy (or partially satisfy) the Grantors' legal obligation to support their children without the consent of THOMAS A. HANTGES.

On the date that the Grantors' youngest presently living child attains the age of twenty-five (25) years, the Trustee shall distribute any undistributed corpus and the income accumulated but unpaid during the entire existence of this trust to the children of the Grantors as follows: if any child of the Grantors has received a greater amount of total income distributions than any other child, the first tier of corpus distribution shall be made in order to equalize total distributions between the children, to the extent possible; any remaining corpus shall be distributed to the then living issue of the grantors per stirpes, or if none, then to Grantors, or if

they are not living to the University of Nevada at Las Vegas Foundation for scholarships for Nevada high school graduates who are in need of financial assistance.

THIRD: TRUSTEE'S POWERS. In the administration of the trust, the Trustee shall have the following powers, all of which shall be exercised in a fiduciary capacity, primarily in the interest of the beneficiaries:

(a) To hold and continue to hold as an investment the property received hereunder, and any additional property which may be received by him, so long as he deems proper, and to invest and reinvest in any securities or property, whether or not income-producing, deemed by him to be for the best interest of the trust and the beneficiaries hereunder, without being limited to trust or chancery investments provided by law, and notwithstanding that the same may constitute leaseholds, royalty interests, patents, interests in mines, oil and gas wells, or timber lands, or other wasting assets.

(b) To rent or lease any property of the trust for such time and upon such terms and for such price or prices as in his discretion and judgment may seem just and proper and for the best interest of the trust and the beneficiaries hereunder, irrespective of the provisions of any statute.

(c) To make all repairs and improvements at any time deemed necessary and proper to and upon real property constituting a part of the trust, and to build, construct, and complete any building or buildings upon such property which in his discretion and judgment may be deemed advisable and proper and for the best interests of the trust and the beneficiaries hereunder, and to determine the extent to which the cost of such repairs and improvements shall be apportioned as between corpus and income.

(d) To deduct, retain, expend, and pay out of any money belonging to the trust any and all necessary and proper expenses in connection with the operation and conduct of the trust, and to pay all taxes, insurance premiums, and other legal assessments, debts, claims, or charges which at any time may be due and owing by, or which may exist against, the trust.

(e) To vote upon all securities belonging to the trust, and to become a party to any stockholders' agreements deemed advisable by him in connection with such securities.

(f) To consent to the reorganization, consolidation, merger, liquidation, readjustment of, or other change in any corporation, company, or association, to the sale, mortgage, or lease of the property thereof or any part thereof, any of the securities or other property of which may at the time be held by him hereunder, and to do any act or exercise any power with reference thereto that may be legally exercised by any persons owning similar property in their own right, including the exercise of conversion, subscription, purchase, or other options, the deposit, surrender, or exchange of securities, the entrance into voting trusts, and the making of agreements or subscriptions which he may deem necessary or advisable in connection therewith, all without applying to any court for permission so to do, and to hold and redeem or sell or otherwise dispose of any securities or other property which he may so acquire.

(g) To compromise, settle, arbitrate, or defend any claim or demand in favor of or against the trust; to enforce any bonds, mortgages, security agreements, or other obligations or liens held hereunder; and to enter upon such contracts and agreements and to make such compromises or settlements of debts, claims, or controversies as he may deem necessary or advisable.

(h) To incur and pay the ordinary and necessary expenses of administration, including (but not by way of limitation) reasonable attorneys' fees, accountants' fees, investment counsel fees, and the like.

(i) To act hereunder through an agent or attorney-in-fact, by and under power of attorney duly executed by the Trustee, in carrying out any of the powers and duties herein authorized.

(j) To borrow money for any purposes of the trust, or incidental to the administration thereof, upon his bond or promissory note as trustee, and to secure the repayment thereof by mortgaging, creating a security interest in, or pledging or otherwise encumbering any part of all of the property of the trust, and, with respect to the purchase of any property, as part of the consideration given therefor, to assume a liability of the transferor or to acquire such property subject to a liability.

(k) To lend money to any person or persons upon such terms and in such ways and with such security as he may deem advisable for the best interest of the trust and the beneficiaries hereunder.

(l) To engage in business with the property of the trust as sole proprietor, or as a general or limited partner, with all the powers customarily exercised by an individual so engaged in business, and to hold an undivided interest in any property as tenant in common or as tenant in partnership.

(m) To determine the manner in which the expenses incidental to or in connection with the administration of the trust shall be apportioned as between corpus and income.

(n) To make any division or distribution required under the terms of this Agreement in kind or in money, or partly in kind and partly in money.

(o) The Trustee may freely act under all or any of the powers by this Agreement given to him in all matters concerning the trust herein created, after forming his judgment based upon all the circumstances of any particular situation as to the wisest and best course to pursue in the interest of the trust and the beneficiaries hereunder, without the necessity of obtaining the consent or permission of any person interested therein, or the consent or approval of any court, and notwithstanding that he may also be acting individually, or as trustee of other trusts, or as agent for other persons or corporations interested in the same matters, or may be interested in connection with the same matters as shareholder, director, or otherwise, provided, however, that he shall exercise such powers at all times in a fiduciary capacity primarily in the interest of the beneficiaries hereunder.

The powers herein granted to the Trustee may be exercised in whole or in part, from time to time, and shall be deemed to be supplementary to and not exclusive of the general powers of trustees pursuant to law, and shall include all powers necessary to carry the same into effect.

(p) To hold any asset contributed to the trust regardless of investment quality of the asset.

<u>FOURTH</u>: <u>LIMITATION ON POWERS</u>. Notwithstanding anything herein contained to the contrary, no powers enumerated

herein or accorded to trustees generally pursuant to law shall be construed to enable the Grantors, or the Trustee, or any of them, or any other person, to sell, purchase, exchange, or otherwise deal with or dispose of all or any part of the corpus or income of the trust for less than an adequate consideration in money or money's worth, or to enable the Grantors to borrow all or any part of the corpus or income of the trust, directly or indirectly, without adequate interest or security. No person, other than the Trustee, acting in a fiduciary capacity, shall have or exercise (a) with regard to securities of corporations in which the Grantor and the trust hold significant voting control, the power to vote or direct the voting of any shares or other securities of the trust or to control the investment of the trust either by directing investments or reinvestments or by vetoing proposed investments or reinvestments; or (b) the power to reacquire or exchange any property of the trust by substituting other property of an equivalent value.

<u>FIFTH</u>: <u>ALLOCATIONS OF CORPUS AND INCOME</u>. All allocations of corpus and income shall be governed by Nevada Revised Statutes 164.140 to 164.370 (the Revised Uniform Principal and Income Act).

<u>SIXTH</u>: <u>IRREVOCABILITY</u>. The trust created by this Agreement shall be irrevocable. The Grantors hereby expressly acknowledge that they shall have no right or power, whether alone or in conjunction with others, and in whatever capacity, to

alter, amend, revoke, or terminate the trust, or any of the terms of this Agreement, in whole or in part, or to designate the persons who shall possess or enjoy the trust property, or the income therefrom.

<u>SEVENTH</u>: <u>SPENDTHRIFT CLAUSE</u>. Each and every beneficiary of the trust created herein is hereby restrained from and shall be without right, power or authority to sell, transfer, assign, pledge, mortgage, hypothecate, alienate, anticipate, bequeath or devise, or in any manner affect or impair his beneficial right, title, interest, claim and estate in and to either the income or principal of any trust created hereunder, or to any part thereof, during the entire term of said trust; nor shall the right, title, interest or estate of any beneficiary be subject to any right, claim, demand, lien or judgment of any creditor of any such beneficiary, nor be subject nor liable to any process of law or equity, but all of the income and principal, except as otherwise provided in this Trust Agreement, shall by the Trustee be payable and deliverable to or for the benefit of only the before named and designated beneficiaries, at the times hereinbefore set out, and receipt by such beneficiaries shall relieve the Trustee from responsibility for such good faith distributions.

<u>EIGHTH</u>: <u>FEES</u>. The Trustee shall receive reasonable compensation for services performed hereunder. A successor trustee or trustees, whether corporate or noncorporate, shall receive reasonable compensation for services rendered hereunder.

Reasonable compensation shall be based upon the then prevailing rates charged for similar services in the locality where the same are performed by other professional fiduciaries. If an attorney or accountant is Trustee of the Trust, then he may charge additional reasonable fees for legal or accounting services to the Trust.

NINTH: SITUS. The construction of this instrument, the validity of the interests created hereby, and the administration of the trust property and of the separate trusts shall be governed by the law of the State of Nevada.

TENTH: INVALID PROVISIONS. In the event any clause, provision or provisions of this Trust Agreement and the trust created herein prove to be or are adjudged to be invalid or void for any reason, then such invalid or void clause, provision or provisions, shall not affect the whole of this instrument, but the balance of the provisions hereof shall remain operative and shall be carried into effect insofar as legally possible.

ELEVENTH: COPIES. Any number of copies of this trust Agreement may be executed, and each shall constitute an original of one and the same instrument.

TWELFTH: RESIGNATION. The Trustee, including any successor trustees, may resign by delivery of ninety (90) days' written notice of resignation to the Grantors and to all income beneficiaries.

THIRTEENTH: SUCCESSOR TRUSTEES. HELEN MILLER shall be the original Trustee and shall choose her successor. In the event of death or incapacity of HELEN MILLER, or any other named successor trustee, ROBERT E. CLARK shall become the successor trustee if he so elects. If ROBERT E. CLARK is not living or elects not to become the successor trustee, then FIRST INTERSTATE BANK OF NEVADA shall serve as successor trustee. Any successor Trustee shall have all the duties and powers assumed and conferred in this Agreement upon the Trustee. Neither of the Grantors may serve as Trustees or Co-Trustees.

FOURTEENTH: ACCOUNTING BY TRUSTEE. The Trustee shall render an annual accounting to the Grantors and income beneficiaries.

FIFTEENTH: BOND. No bond shall be required of any Trustee hereunder unless so required in writing by a Grantor or an income beneficiary.

SIXTEENTH: COURT INSTRUCTIONS. The Trustee may seek the assistance of the courts in all matters affecting the administration of this Trust or its properties, including advice on the interpretation of the Trust Agreement or for settlement of any account by invoking the jurisdiction of any District Court with jurisdiction (including quasi-in-rem jurisdiction) over the trust, the Trustee, or the trust res, in a non-adversary ex parte proceeding. The decision of the Court shall be binding upon all interested parties who were given written notice of the proceedings mailed to their last known address.

SEVENTEENTH: CLARIFICATION OF PRONOUNS. Throughout this Trust Agreement, the masculine, feminine, or neuter gender shall be deemed to include any other as appropriate, and the singular, the plural, and vice versa, except where the context clearly requires otherwise.

EIGHTEENTH: WITHDRAWAL RIGHTS: So long as any one or more of the Grantors' children shall live, each such child shall have the right during each calendar year, upon making written demand upon the Trustee therefor, to receive from the Trustee outright and free from this trust a certain proportion, or all, of the property transferred or added to the trust estate by way of inter vivos gifts during said calendar year; provided, however, that if any property so demanded by such child shall have been sold or otherwise disposed of by the Trustee prior to receipt by the Trustee of written demand therefor, then in lieu of such property the Trustee shall distribute other assets to such person equal in value to the value of the property so demanded by such person on the date of such demand; further provided, however, that the property, or proportion thereof, which each such child shall have the right to demand as aforesaid in each calendar year shall be the lesser of the following:

(i) such proportion of the property transferred to the Trustee hereunder in such calendar year as corresponds to the fraction in which the numerator is one, and the denominator is equal to the number of the Grantors' children who are living at the time when such property is transferred to the Trustee within said calendar year; or

(ii) such proportion of the property transferred to the Trustee hereunder in such calendar year as aggregates $20,000 in value.

(iii) notwithstanding the preceding provisions, if upon the termination of any power of withdrawal the individual holding the power would be deemed to have made a taxable gift for federal gift tax purposes, such power shall continue in existence with respect to the amount that would have been a taxable gift except to the extent it shall thereafter terminate as provided. Such power shall terminate as soon as and to the extent that such termination shall not result in a taxable gift by the individual holding the power. The determination by the Trustee of the amount subject to any power in existence under this Article shall be final and conclusive on beneficiaries of the trust being held under this Article. The Trustee shall not incur any liability to any such beneficiary as a result of the determination.

The Trustee hereunder is hereby directed, immediately upon receipt by the Trustee of any inter vivos gifts to this trust, to give written notice of the receipt of such gift to each such child (or to his natural parent or guardian if he is a minor).

Signed and sealed by the Grantors and Trustee in the State of Nevada on the day and year first above written.

GRANTORS:

[signature]
THOMAS A. HANTGES

[signature]
JAMIE LINN HANTGES

TRUSTEE:

[signature]
HELEN MILLER

# SCHEDULE A

1. The cash sum of One Dollar ($1.00).

2. A partnership to be purchased known as ____________________________________________________________.

THOMAS R. BROOKSBANK, ESQ.
Nevada Bar No. 002674
THOMAS R. BROOKSBANK, CHTD.
3900 Paradise Road, Suite 265
Las Vegas, Nevada 89109
(702) 732-2255
Attorney for Petitioner

FILED

MAR 23 1 09 PM '92

Loretta Bowman
CLERK

DISTRICT COURT

CLARK COUNTY, NEVADA

| | | |
|---|---|---|
| In Re: THE HANTGES CHILDREN'S EDUCATION TRUST, Petitioner. | ) ) ) ) ) | CASE NO. P29753 |

**ORDER APPROVING PETITION TO REFORM IRREVOCABLE TRUST**

Date of Hearing: March 20, 1992
Time of Hearing: 9:30 a.m.

The Petition of Helen Miller, Trustee of the Hantges Children's Education Trust, to Reform the Irrevocable Trust, was considered by the Court on this date, and the Court having found that notice of the time and place of the hearing on said petition having been given within the time required by statute, and the court having considered the Affidavit of Al Whalen, duly appointed Guardian-ad-Litem representing the interest of the minor beneficiaries, and the Court having further found that the allegations and statements of said petition are true and correct;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Petition of Helen Miller, Trustee of the Hantges Children's Education Trust to Reform the Trust is hereby allowed, approved

and ranted, and that Article Eighteen Section (iii) of the Trust such that the original Article Eighteen is deleted in its entirety and in lieu thereof is substituted the following:

EIGHTEENTH: WITHDRAWAL RIGHTS

Each of the Beneficiaries (or, if they are for any reason under a legal disability, their guardian) shall have the power to withdraw from the Trust (including the property constituting the addition) in any calendar year their prorata share of the lesser of (i) any part or all of the property transferred to the Trust or an amount equal thereto during that calendar year, or (ii) an amount equal to the amount of the gift tax annual exclusion (if the Settlor is married and the Settlor's Spouse elects to split such gifts) or (iii) an amount equal to the amount of the gift tax annual exclusion (if the Settlor is not married or the Settlor's Spouse elects not to split such gifts), available in the year of the withdrawal under Section 2503(b) of the Internal Revenue Code of 1986, as amended. Each Beneficiary (or their guardian) shall have the power of withdrawal in the year in which this Trust is created and in any subsequent year in which additional property is transferred by gift to the Trustee by any donor.

With respect to these demand powers created hereby, the following rules shall apply:

(a) Any Beneficiary can exercise this demand power by a written request delivered to the Trustee;

(b) If any Beneficiary is unable to exercise this demand



THOMAS R. BROOKSBANK, CHTD.
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
3800 PARADISE ROAD
SUITE 265
LAS VEGAS, NEVADA 89109
443 MARSH STREET
RENO, NEVADA 89509

power because of a legal disability, including minority, his or her parent (if the Beneficiary is a minor), or any other legally authorized personal representative, including (but not limited to), a guardian, committee, or conservator, may make the demand on the Beneficiary's behalf. However, in no event can Settlor make the demand for a Beneficiary, regardless of Settlor's relationship to him or her.

(c) Whenever the Trustee receives a contribution of any such property, notice shall be given by the Trustee within thirty (30) days thereafter to the Beneficiary who has then available any withdrawal right as to such property and of whom the Trustee has actual knowledge, specifying the property contributed, its value for Federal Gift Tax purposes, and advising the Beneficiary of his or her right of withdrawal as respects such property. Such notice shall be in writing and shall be deemed given to the Beneficiary when deposited in the regular United States mails, postage prepaid, addressed to the Beneficiary at their last known address, or when personally delivered. The Beneficiary may exercise, in whole or part, his or her right of withdrawal by notice in writing delivered to the Trustee at any time after any property is contributed to the trust, but not later than forty-five (45) days after such contribution. Any portion or all of any such right that is not so exercised shall lapse at the end of such period. In the event that the Beneficiary is a minor or otherwise legally



THOMAS R. BROOKSBANK, CHTD.
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
3800 PARADISE ROAD
SUITE 265
LAS VEGAS, NEVADA 89109
443 MARSH STREET
RENO, NEVADA 89509

incompetent, such notice shall be given to their legal guardian, if any, and if none, then to his or her parent (other than the donor), if any, and if none, then to the person having custody of the Beneficiary, and the right of withdrawal of such Beneficiary shall be exercisable on their behalf by their legal guardian, if any, and if none, by their parent (other than the donor), if any, and if none, by the person having custody of such Beneficiary, for the exclusive benefit of such Beneficiary. In the case of any indirect gifts to the trust and/or any deemed transfers to the trust by any donor that the Trustee has reason to believe will be made at periodic intervals during any calendar year, the Trustee may give notice as provided in this paragraph at any time during such calendar year with respect to all such indirect gifts or deemed transfers reasonably expected to occur during the remainder of such calendar year, such notice to apprise the Beneficiary of his or her right as to each such indirect gift or deemed transfer as nearly as practical in the same manner as provided above in this paragraph with respect to separate direct contributions of property to the Trust.

(d) Each Beneficiary's demand power is to an equal portion of any contribution and is noncumulative and, subject to paragraph (e), lapses on the earlier of (a) the last day of the calendar year in which the contribution was made, or (b) thirty (30) calendar days following the date of the notice. Subject to paragraph (e), no payment may be made



THOMAS R. BROOKSBANK, CHTD.
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
3800 PARADISE ROAD
SUITE 265
LAS VEGAS, NEVADA 89109
443 MARSH STREET
RENO, NEVADA 89509

in a subsequent year on account of any Beneficiary's failure to demand a distribution in a prior year.

(e) Notwithstanding the preceding provisions of this Article Eighteenth, at the time a lapse of a power of withdrawal would otherwise occur under paragraph (d), any such power shall not lapse, but shall continue to the extent the power to withdraw is exercisable in any given year with respect to an amount greater than $5,000.00, or five percent (5%) of the Trust principal. Such continuing power shall lapse, to the extent it has not previously lapsed, as soon as and to the extent that the greater of $5,000.00 or five percent (5%) of the Trust principal in any given year shall exceed the amount of any contributions to the Trust in any such year. So long as and to the extent a continuing power of withdrawal exists, such power may at any time be exercised by the member of the class holding such power in the manner described in this Article Eighteenth, except the time limitations specified in paragraph (d) shall not apply. Each Beneficiary shall have a Limited General Testamentary Power of Appointment to appoint by Will, Trust, or other testamentary document, the amount of the Trust Estate subject to the Beneficiary's continuing withdrawal right.

(f) The Trustee may satisfy any Beneficiary's demand for a distribution by distributing cash, other assets, or fractional interest in other assets, as the Trustee deems appropriate. Without limiting the Trustee's power to



THOMAS R. BROOKSBANK, CHTD.
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
3960 PARADISE ROAD
SUITE 265
LAS VEGAS, NEVADA 89109
443 MARSH STREET
RENO, NEVADA 89509

select assets to satisfy a demand, Settlor prefers that cash or tangible assets normally be distributed before life insurance policies and other intangible assets, unless the Trustee decides that another selection is warranted.

(g) "Contribution" means any cash or other assets transferred to the Trustee to be held as part of the Trust's funds. The amount of any contribution is its federal gift tax value, as determined by the Trustee at the time of the transfer.

(h) The right of withdrawal of any Beneficiary shall not be subject in any way to the claims of her creditors, and may not be voluntarily alienated or encumbered by any such Beneficiary until property has been paid over, delivered, and conveyed to such Beneficiary the Trustee as herein provided. The right of withdrawal of such Beneficiary shall be suspended upon the filing of any proceeding in bankruptcy relating to the Beneficiary, any assignment of all or a substantial part of the assets of such Beneficiary for the benefit of her creditors, or the appointment of a trustee or receiver of all or a substantial part of such assets, and shall be restored only as to property contributed to the Trust after the final termination of such proceeding.

DATED this 20th day of March, 1992.

Thomas A. Foley

DISTRICT JUDGE

SUBMITTED BY:

Thomas R. Brooksbank

THOMAS R. BROOKSBANK, ESQ.
BAR # 2674
3900 PARADISE RD ST 265
LAS VEGAS, NV. 89107
(702)-732-2255
ATTORNEY FOR PETITIONER

THOMAS R. BROOKSBANK, CHTD.
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
3900 PARADISE ROAD
SUITE 265
LAS VEGAS, NEVADA 89109
443 MARSH STREET
RENO, NEVADA 89509

# RELEASE OF CONTINGENT REVERSION

This Release of Contingent Reversion is made as of 8-19, 1991, by and on behalf of Thomas A. Hantges and Jamie Linn Hantges.

WHEREAS, Thomas A. Hantges and Jamie Linn Hantges as Grantors established the Hantges Children's Education Trust dated December 1, 1986.

WHEREAS, in Article Second of said Trust Agreement, the Grantors retained a contingent reversion in the event that upon termination of the Trust, there are no living issue of the Grantors.

WHEREAS, the Grantors now desire to irrevocably release and relinquish their contingent reversion.

NOW, THEREFORE, for good and valuable consideration, THOMAS A. HANTGES and JAMIE LINN HANTGES, hereby irrevocably release their contingent reversion interest in the Hantges Children's Education Trust.

DATED: 8-19, 1991.

[signature]
THOMAS A. HANTGES

Jamie Linn Hantges
JAMIE LINN HANTGES

SUBSCRIBED AND SWORN to before me

this 19 day of August, 1991.

[signature]
NOTARY PUBLIC in and for said County and State

NOTARY PUBLIC
STATE OF NEVADA
County of Washoe
THOMAS R. BROOKSBANK
My Appointment Expires May 1, 1995

wills\release.han

# DESIGNATION OF SUCCESSOR TRUSTEES

WHEREAS, THOMAS A. HANTGES and JAMIE LINN HANTGES, as Grantors established the Hantges Childrens' Education Trust on December 1, 1986, designating HELEN MILLER, as the Trustee.

WHEREAS, Article Thirteen of said Trust, authorizes HELEN MILLER to choose her successor.

WHEREAS, HELEN MILLER now desires to exercise her right as Trustee to designate her successor as follows:

I, HELEN MILLER, duly appointed and acting Trustee of the Hantges Childrens' Education Trust dated December 1, 1986, hereby designate as my Successor Trustee, LUCIUS BLANCHARD, of Las Vegas, Nevada

DATED: 4/8/97

Helen Miller
Helen Miller

SUBSCRIBED AND SWORN to before me this 8 day of April, 1997

Victoria S. Hessling
NOTARY PUBLIC in and for said County and State

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
Victoria S. Hessling
Appt. No 92-0645-1
My Appointment Expires Jan. 9, 2000

I, LUCIUS BLANCHARD, hereby accept the appointment as Successor Trustee.

DATED: 4/8/97

Lucius Blanchard
Lucius Blanchard

SUBSCRIBED AND SWORN to before me this 8 day of April, 1997

Victoria S. Hessling
NOTARY PUBLIC in and for said County and State

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
Victoria S. Hessling
Appt. No 92-0645-1
My Appointment Expires Jan. 9, 2000

**DESIGNATION OF SUCCESSOR TRUSTEES**

WHEREAS, THOMAS A. HANTGES and JAMIE LINN HANTGES, as Grantors established the Hantges Children's Education Trust on December 1, 1986, designating HELEN MILLER, as the Trustee.

WHEREAS, Article Thirteenth of said Trust, authorizes HELEN MILLER to choose her successor.

WHEREAS, HELEN MILLER now desires to exercise her right as Trustee to designate her successor as follows:

I, HELEN MILLER, duly appointed and acting Trustee of the Hantges Children's Education Trust dated December 1, 1986, hereby designate as my Successor Trustee, LUCIUS BLANCHARD, of Las Vegas, Nevada.

DATED March 8th, 1995.

Helen C. Miller

HELEN MILLER

SUBSCRIBED AND SWORN to before me this 8th day of March, 1995.

DeEnna N. Tarpley

NOTARY PUBLIC in and for said County and State

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
DeEnna N. Tarpley
My Appointment Expires May 14, 1997

# NOTICE TO TRUSTEE

To insure that our wishes are fulfilled we wish to clarify Article Second of The Hantges Children's Education Trust dated December 1, 1986.

At the bottom of page two of the agreement, starting after the semicolon with the words "any remaining corpus shall be distributed to the then living issue of the grantors per stirpes", we wish to clarify our intentions to the trustee and any interested persons with respect to this sentence. If all four sons are alive when the youngest child reaches age twenty-five, then, after provisions to equalize each child's distributions, all remaining assets are to be shared equally among the four boys. If any child is deceased, his children would be entitled to the one quarter share that the deceased child would have received, split equally among his natural children.

Also, please be aware that on August 19, 1991 we released our right to any contingent reversion as respects to the assets of this Trust. A separate document to that effect is attached to the Trust.

THOMAS A. HANTGES

JAMIE LINN HANTGES

SUBSCRIBED AND SWORN to before me this 1 day of March, 1995.

NOTARY PUBLIC in and for said County and State

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
VICTORIA S. HESSLING
My Appointment Expires Jan. 9, 1996

# EXHIBIT "B-2"

Aspiro, Inc

3253 West 11975 South
Riverton, UT 84065

# Invoice

| Date | Invoice # |
|---|---|
| 1/4/2007 | 61 |

PAID

| Bill To |
|---|
| Robert Hantges<br>3613 Hillsdale Ct<br>Las Vegas, NV 89108 |

| P.O. No. | Terms | Project |
|---|---|---|
| | | |

| Quantity | Description | Rate | Amount |
|---|---|---|---|
| 42 | 12/27/06-2/7/077 | 375.00 | 15,750.00 |
| | | **Total** | $15,750.00 |

# EXHIBIT "B-3"

FINDLAY CADILLAC-SAAB
993 Auto Show Drive
Henderson, NV 89014
(702) 558-2600

SERVICE INVOICE

Co.# 0

Sold To:

THOMAS A HANTGES

ROBERTS CAR

| Service Order Number | Service Advisor | VIN |
|---|---|---|
| 205675 | GARY HARDING | YS3FH49Y941035759 |

| Tag | | Doc Count | Date Time In | Date Time Out |
|---|---|---|---|---|
| 2464 | | 3 | 8/17/2006 13:39 | 8/22/2006 14:23 |

| PARTS | | DESC | FP | QTY | PRICE | SALE TYPE | |
|---|---|---|---|---|---|---|---|
| SA | 12787217 | BRKLIGHTC | Y | 1 | 43.400 | Factory Warrant | $43.40 |

LINE TOTAL $69.04

LINE 4 GEAR BOX MALFUNCTION IN SID
TECH COMM: FLUSM TRAN R AND SPPED SENSORS TO CLEAN
RESET SID

REPAIR 1 GEAR BOX LITE
OPCODE: 999 SALE TYPE: Factory War $461.43
HRS: 3.60 OTH HRS: 1.80
PRIMARY TECH: 210

LINE TOTAL $461.43

LINE 5 LOF FULL SYNTHETIC
TECH COMM: LOF

REPAIR 1 LOF
OPCODE: 999 SALE TYPE: Customer Pa $9.95
PRIMARY TECH: 210

| PARTS | | DESC | FP | QTY | PRICE | SALE TYPE | |
|---|---|---|---|---|---|---|---|
| SA | 294199 | MOBIL 1 0 | N | 7 | 6.990 | Customer Pay | $48.93 |
| SA | 93175493 | OILFILTER | N | 1 | 8.000 | Customer Pay | $8.00 |

LINE TOTAL $66.88

LINE 6 CHECK FOR NOISE IN FRONT END
TECH COMM: CLEAN AND TREAT ANTI ROL BAR BUSHINGS

REPAIR 1 NOISE
OPCODE: 999 SALE TYPE: Factory War $632.33
HRS: 4.60 OTH HRS: 2.80
PRIMARY TECH: 210
WARR PARTS: 7 AMT: 63.70

| PARTS | | DESC | FP | QTY | PRICE | SALE TYPE | |
|---|---|---|---|---|---|---|---|
| SA | 93160393 | AUTOTRANS | Y | 7 | 9.100 | Factory Warrant | $63.70 |

LINE TOTAL $696.03

**Disclaimer of Warranties**

The seller, hereby expressly disclaims all warranties, either expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose, and neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of said products.

FINDLAY CADILLAC-SAAB
993 Auto Show Drive
Henderson, NV 89014
(702) 558-2600

SERVICE INVOICE

Co.# 0

| Sold To | Service Order Number | Service Advisor | VIN |
|---|---|---|---|
| THOMAS A HANTGES | 205675 | GARY HARDING | YS3FH49Y941035759 |

| Tag | Doc Count | Date Time In | Date Time Out |
|---|---|---|---|
| 2464 | 3 | 6/17/2006 13:39 | 6/22/2006 14:23 |

LINE 7* CK BRAKES
TECH COMM: REPLACE BRAKE FRONT AND RER AND MACHINE ROTORS.

REPAIR 1 K BRAKES
OPCODE: 999 SALE TYPE: Customer Pa $440.00
PRIMARY TECH: 210

| PARTS | | DESC | FP | QTY | PRICE | SALE TYPE | |
|---|---|---|---|---|---|---|---|
| SA | 12803551 | BRAKEPADS | N | 1 | 108.000 | Customer Pay | $108.00 |
| SA | 93183140 | BRAKEPADS | N | 1 | 100.000 | Customer Pay | $100.00 |
| GM | NOSQUEEK | BRAKE QUI | N | 2 | 10.000 | Customer Pay | $20.00 |

LINE TOTAL $668.00

INVOICE PRINTED FROM CLOSED SO: 4/07/08
"*" Following the line number denotes added operation.

| | |
|---|---|
| LABOR ............... | $449.95 |
| PARTS ............... | $284.93 |
| MISC MATERIALS ...... | $30.00 |
| TAX (NEVADA STATE SA) | $24.41 |
| CUSTOMER TOTAL ...... | $789.29 |
| PAYMENT (MASTERCARD/) | $789.29 |

CUSTOMER SIGNATURE ____________________

**Disclaimer of Warranties**

The seller, hereby expressly disclaims all warranties, either expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose, and neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of said products.



BENE000855

**LVRC Holdings, LLC**
3371 N Buffalo Drive, Las Vegas, NV 89129
(702) 515-1374 Fax (702) 804-5839

| Date:4/4/2008 |
|---|

page 1 of 1

| | |
|---|---|
| Client: Brandon, Hantges | |
| Account Number -HA/B 002 | |

| | |
|---|---|
| I/P Admit | 5/8/2006 |
| Discharge | 6/13/2006 |

**Itemized Statement**

| QUANTITY | ITEM | RATE | CHARGES |
|---|---|---|---|
| 8 | Detox | $850.00 | $6,800.00 |
| 28 | Rehab Flat Rate | $18,900.00 | $18,900.00 |
| 29 | Private Room | $300.00 | $8,700.00 |
| | Follow up Psych Consult. | $160.00 | $0.00 |
| 1 | Physician Fee | $1,145.00 | $1,145.00 |
| | Pain Program | $900.00 | |
| | TOTAL CHARGES: | | $35,545.00 |

| | ADJUSTMENTS | | AMOUNT |
|---|---|---|---|
| 5/8/2006 | Administrative Discount | | $1,597.50 |
| | | | |
| | | | |
| | | | |
| | TOTAL ADJUSTMENTS: | | $ 1,597.50 |

| DATE | PAYMENTS MADE BY | | AMOUNT |
|---|---|---|---|
| 5/8/2006 | Thomas Hantges ( Pd By Check # 2651) | | 27,497.50 |
| 5/17/2006 | Thomas Hantges ( Pd By Check # 1081) | | 8,100.00 |
| 5/26/2006 | Thomas Hantges ( Pd By Check # 2661) | | 1,150.00 |
| | | | |
| 6/15/2006 | Transferred $2,800.00 to ACCT # HA/B 002/I | | -2,800.00 |
| | | | |
| | | | 0.00 |
| | | | 0.00 |
| | | | 0.00 |
| | TOTAL PAYMENTS: | | $ 33,947.50 |

I certainly hope that this information proves to be helpful to you. If you should have any additional question, please do not hesitate to contact me directly @ (702) 515-1374.

Shirley Keel
Patient Accounts Representative II